# IN THE COURT OF APPEALS OF IOWA

No. 23-0224
Filed December 18, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATHEW GREGORY ANDREW WHITTEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Mary Ann Brown,

Judge.


        A defendant who pleaded guilty to a felony offense and later had his

deferred judgment revoked appeals his plea and sentence. **SENTENCE**

**VACATED AND CASE REMANDED FOR RESENTENCING.**


        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Badding, P.J., Chicchelly, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**VOGEL, Senior Judge.**

Mathew Whitten pleaded guilty to domestic abuse assault by strangulation and causing bodily injury. He received a deferred judgment. After he violated his probation by not completing a domestic abuse program as well as being charged with another offense, that deferred judgment was revoked, judgment was entered, and Whitten was sentenced. He now appeals, alleging his plea was unknowing and involuntary, the prosecutor breached the plea agreement, and the sentencing court erroneously failed to reduce his criminal fine as required by Iowa Code section 908.11(5) (2022). Because Whitten never argued he would not have pleaded guilty but for the alleged plea defects, we lack authority to vacate his plea under Iowa Code section 814.29. However, we agree the prosecutor breached the plea agreement by failing to recommend Whitten's criminal fine be suspended. Thus, we vacate his sentence and remand for resentencing before a different judge.

## I. Factual Background and Proceedings.

In February 2022, the State charged Whitten with domestic abuse assault by strangulation and causing bodily injury, a Class "D" felony. *See* Iowa Code § 708.2A(5). The next month, Whitten pleaded guilty to the charge. He received a deferred judgment in May. The court imposed two years of probation, ordered Whitten to complete the Iowa Domestic Abuse Program, and assessed a $1025 civil penalty. *See generally id.* §§ 902.9(1)(e) (setting minimum fine of $1025 for Class "D" felonies); 907.14 (instructing courts to assess "a civil penalty of an amount not less than the amount of any criminal fine authorized by law for the offense under section 902.9" upon entering a deferred judgment).

Six months later, the State moved to revoke Whitten's deferred judgment. Whitten failed to complete the domestic-abuse program and had been arrested and charged with another offense—maintaining a drug house, an aggravated misdemeanor. *See id.* § 124.402(1)(e), 2(a).

In January 2023, both the revocation of the deferred judgment and the new drug-house charge came before the district court for hearing. Whitten pleaded guilty to the drug house charge. As for the revocation, Whitten signed a written admission to violating his probation terms, and that admission also contained the parties' agreement for sentencing. Under that agreement, the minimum criminal fine would be suspended. However, during the hearing, both the prosecutor and Whitten's counsel failed to notify the court of their agreement to suspend the fine. The district court followed the parties' agreement as described during the hearing—revoking Whitten's deferred judgment, convicting him of the domestic-abuse charge, and imposing a suspended five-year prison sentence with probation with the Eighth Judicial District halfway house. The court also imposed the minimum $1025 criminal fine, plus surcharges. The drug-house and domestic-abuse sentences ran concurrently.

Whitten now appeals.

**II. Analysis.**

Whitten brings three challenges to his domestic-abuse conviction and sentence. First, he asks that we vacate his guilty plea from March 2022 because it was not knowing or voluntary. Second, he argues the State breached his plea agreement when it failed to recommend suspending the minimum fine during the revocation hearing and otherwise failed to indicate the agreement was worth

accepting. Finally, he asserts the court failed to reduce his criminal fine by the amount of the civil penalty previously imposed.

### A. Authority to Vacate Whitten's Domestic-Abuse Plea.

Whitten first argues that his written guilty plea to the domestic-abuse charge was unknowing and involuntary because it inaccurately stated a mandatory minimum punishment, omitted a mandatory surcharge, and did not advise him of the right to counsel had he insisted on going to trial. The State, while conceding jurisdiction over this appeal generally, *see State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023), raises two barriers to reviewing Whitten's guilty plea: (1) Whitten never moved in arrest of judgment, and (2) Whitten does not allege he would not have pleaded guilty but for the defects in his plea. Because the second barrier succeeds, we need not consider the first.

"If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred." Iowa Code § 814.29. On appeal, Whitten never argues he would not have pleaded guilty but for his alleged defects. Instead, he only disputes whether section 814.29 applies to him at all. He asserts the statute should not apply because (1) he was not given a proper motion-in-arrest-of-judgment advisory and thus was not on notice of the requirement to make a record about his intentions, (2) the statute violates due process, and (3) the statute violates the separation of powers. Yet all three contentions were recently considered and rejected by our supreme court, therefore section 814.29 applies to Whitten. *See State v. Hightower*, 8 N.W.3d 527, 539–41 (Iowa 2024).

Consequently, even if Whitten's arrest-of-judgment advisory was inadequate, and even if he could show defects in his plea, he has neither alleged nor shown he would not have pleaded guilty but for those defects, and we therefore lack authority to vacate his plea. *See id.* at 542 (holding section 814.29 precluded vacating defendant's plea despite defendant receiving inadequate arrest-of-judgment advisory and showing a substantial defect in her plea).

### B.    Breached Plea Agreement.

Whitten next argues that the prosecutor breached the parties' plea agreement by failing to recommend suspending the criminal fine and otherwise failing to indicate the agreement merited acceptance. A prosecutor breaches a plea agreement by acting "contrary to the common purpose of the plea agreement and the justified expectations of the defendant," thereby depriving "the defendant of the benefit of the bargain." *State v. Patten*, 981 N.W.2d 126, 131 (Iowa 2022) (citation omitted). "Violations of either the terms or spirit of the agreement, even if seemingly minor, are intolerable and adversely impact the integrity of the prosecutorial office and the entire justice system." *Id.* (cleaned up). Thus, "strict, not substantial, compliance with the terms of plea agreements" is required. *Id.* (citation omitted).

Here, there is no dispute the plea agreement provided for suspending the minimum fine and the prosecutor failed to recommend the fine be suspended. On appeal, the State offers no defense of the prosecutor's recommendation. Rather, the State exclusively argues that because it concedes that the district court's imposed criminal fine was not reduced by the amount of his prior civil penalty, remanding to fix that miscalculation obviates the need to resolve the prosecutor's

breach. *See* Iowa Code § 908.11(5) ("[I]f the court revokes the probation of a defendant who received a deferred judgment and imposes a fine, the court shall reduce the amount of the fine by an amount equal to the amount of the civil penalty previously assessed against the defendant . . . . However, the court shall assess any required surcharge, court cost, or fee upon the total amount of the fine prior to reduction pursuant to this subsection.").

Yet the State's approach puts the cart before the horse. Before we consider whether the imposed criminal fine should have been reduced, we must address the circumstances that led to the fine being imposed at all. Though it may be true that the sentencing court would have imposed the fine even if the prosecutor had recommended suspension, that is not enough to save Whitten's sentence. "[R]egardless of whether a prosecutor's breach of a plea agreement was likely ignored by the court, or even explicitly ignored, a breached plea agreement leaves an indelible taint on the proceedings we cannot excuse or overlook." *Patten*, 981 N.W.2d at 130–31 (citations omitted).

Whitten was deprived of the benefit of the bargain when the prosecutor failed to recommend that the criminal fine be suspended. When prosecutors do not strictly comply with the terms of a plea agreement, we "remand the case for resentencing by a different judge, with the prosecutor obligated to honor the plea agreement and sentencing recommendation." *State v. Lopez*, 872 N.W.2d 159, 181 (Iowa 2015). Of course, this remand is "no criticism of the district judge," *id.*, particularly in light of Whitten's counsel's failure to object, *see State v. Boldon*, 954 N.W.2d 62, 70 (Iowa 2021) (allowing direct review of prosecutor's alleged breach of a plea agreement "even in the absence of contemporaneous objection" because

it is "a species of sentencing error to which the traditional rules of error preservation are inapplicable").

In sum, we leave Whitten's guilty plea intact, vacate his sentence, and remand for resentencing by a different judge. Because Whitten's sentence is vacated, we do not reach the miscalculation issue under section 908.11(5).

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**